IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAIDI KAFO,                      )
                                 )
       Petitioner,               )
                                 )   Case No. 05 C 0701
       v.                        )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
       Respondent.               )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Saidi Kafo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Kafo's Section 2255 motion.

## BACKGROUND

On November 14, 2003, Kafo pleaded guilty to three counts of uttering a forged and counterfeit security in violation of 18 U.S.C. § 513(a). On March 30, 2004, the Court sentenced him to 48 months incarceration. On February 4, 2005, Kafo filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Kafo then filed a motion to amend his Section 2255 motion on April 12, 2005. Kafo, however, never directly appealed his conviction and sentence.

Construing Kafo's *pro se* motion under Section 2255 liberally, *see Calhoun v. DeTella,* 319 F.3d 936, 943 (7th Cir. 2003), he asserts the following claims: (1) his counsel was constitutionally ineffective for failing to file an appeal after Kafo requested him to do so; and (2)

his sentence is invalid based on *United States v. Booker,* ___U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In his motion to amend his Section 2255 motion, Kafo attempts to substantiate his claim that he requested his attorney to file an appeal. Because Kafo specifically states in his original motion that his counsel "did not file any direct appeal even though he asked his attorney to do so," his proposed amendment relates back to his original petition under Federal Rule of Civil Procedure 15(c)(2). *See Ellzey v. United States,* 324 F.3d 521, 524-25 (7th Cir. 2003). Therefore, the Court, in its discretion, grants Kafo's motion to amend his Section 2255 motion. *Id.* at 527.

## **LEGAL STANDARD**

A district court must grant a Section 2255 motion to vacate, set aside or correct a sentence under Section 2255 when a petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and quotations omitted). A Section 2255 motion, however, cannot be a substitute for a direct criminal appeal. *Coleman v. United States,* 318 F.3d 754, 760 (7th Cir. 2003). Accordingly, if a petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *Gomez v. Jaimet,* 350 F.3d 673, 679 (7th Cir. 2003).

Because claims of ineffective assistance of counsel usually involve evidence outside the record, such claims are properly brought for the first time in a Section 2255 petition. *See Gailbraith v. United States*, 313 F.3d 1001, 1007-08 (7th Cir. 2002); *see also Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

**I.     Booker Claim**

Kafo contends that his sentence is invalid because a jury did not determine, beyond a reasonable doubt, the facts that led to his sentencing guideline range. *United States v. Booker,* ___U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In *Booker*, the Supreme Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 746. That being said, the Seventh Circuit has recently concluded that *Booker*, like *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not retroactive on collateral review. *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005). In other words, "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id.* Because Kafo's conviction and sentence became final well before the *Booker* decision, it cannot serve as the basis for Section 2255 relief under the circumstances. *See id.*

**II.    Ineffective Assistance of Counsel Claim**

Next, Kafo contends that his trial attorney provided constitutionally ineffective assistance of counsel because he failed to appeal Kafo's conviction and sentence even though Kafo

3

requested him to do so. To establish ineffective assistance of counsel, Kafo must show (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694.

The Seventh Circuit has held that an attorney's "failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal." *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994); *see also Roe v. Flores-Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In *Flores-Ortega*, the Supreme Court explained that relevant to this inquiry is whether a defendant sets forth evidence that he promptly expressed a desire to appeal. *See id.* at 485.

Here, the key to the Court's analysis is whether Kafo offered any evidence substantiating his claim that he requested his attorney to file an appeal. Simply put, there is no evidence in the record, such as Kafo's own affidavit or an affidavit from family members, averring that Kafo asked his counsel to file an appeal. Further, the Court notes that Kafo did not make his allegations in his motion and amended motion under oath.

The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte,* ___ F.3d ___, 2005 WL 949138, at 19 (7th Cir. Apr. 19, 2005); *see also United States v. Jones,* 208 F.Supp.2d 929, 934 (N.D. Ill. 2002) (vague and undeveloped ineffective assistance claim waived). As the *Turcotte* court notes, that defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim. *Id.,* 2005 WL 949138, at

4

19. Kafo has failed in this burden. Thus, Kafo's ineffective assistance of counsel claim based on his unsubstantiated allegation that he requested counsel to file an appeal must fail.[1]

## **CONCLUSION**

The Court grants Kafo's motion to amend his original Section 2255, but denies Kafo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Dated: May 17, 2005

                                        **ENTERED**

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**

---

[1] The Court need not grant an evidentiary hearing concerning this claim because Kafo's allegations are vague and conclusory. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).